**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | * | |
| **Plaintiff,** | * | |
| **v.** | | **Case No.: GJH-18-2162** |
| | * | |
| **JOHN DOE,** | * | |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Malibu Media, LLC brought this action against Defendant John Doe for copyright infringement under the United States Copyright Act of 1976 ("Copyright Act"), 17 U.S.C. § 101 *et seq.* ECF No. 9. Following Defendant's failure to answer or otherwise defend in this action, the Clerk of the Court entered default against Defendant on December 23, 2019. ECF No. 23.[1] Now pending before the Court is Plaintiff's Motion for Entry of Default Judgment. ECF Nos. 24, 25.[2] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Plaintiff's Motion for Entry of Default Judgment is granted, in part, and denied, in part.

## I.    BACKGROUND

Plaintiff, a California-based company doing business as X-Art.com, alleges that Defendant violated the Copyright Act by using the BitTorrent file distribution network to download, copy, and distribute nine adult pornographic films subject to copyrights held by Plaintiff. ECF No. 9 ¶¶ 8, 23; ECF Nos. 9-1, 9-2.

---

[1] Despite an Order having issued on December 23, 2019, ECF No. 23, Plaintiff's Motion for Clerk's Entry Default, ECF No. 21, remains pending on the docket. The Clerk shall resolve it as granted.
[2] Plaintiff filed two versions of the Motion for Entry of Default Judgment: a sealed unredacted version, ECF No. 24, and an unsealed redacted version, ECF No. 25. The Motions are substantively identical.

BitTorrent is a peer-to-peer file sharing system that allows users to distribute large amounts of data, including, but not limited to, digital movie files. ECF No. 9 ¶ 10. Individuals often use BitTorrent to obtain and circulate infringed copyrighted content. ECF No. 25-4 at 1–2.[3] In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces, or "bits". ECF No. 9 ¶ 12. Users then exchange these bits amongst each other instead of attempting to distribute a much larger digital file. *Id.* Plaintiff alleges that its investigator, IPP International UG, downloaded one or more bits of nine of Plaintiff's copyrighted films from Defendant's Internet Protocol address ("IP address"), an address assigned to a customer on a specific date by an Internet Service Provider ("ISP"). *Id.* ¶¶ 17–21.

Initially, Plaintiff identified Defendant only by an IP address. ECF No. 1 ¶ 9. Accordingly, Plaintiff filed a Complaint for copyright infringement in this Court on July 13, 2018, ECF No. 1, and moved for leave to file a subpoena on Defendant's ISP to obtain Defendant's identity prior to a Rule 26(f) conference, ECF No. 3. The Court granted the Motion on July 16, 2018, subject to conditions and limitations dictated by the sensitive nature of the action and the uncertainty surrounding the specificity of IP addresses. ECF No. 5. Plaintiff then filed an Amended Complaint against Defendant on November 26, 2018, ECF No. 9, to which Defendant has not responded. Based on documentation demonstrating that Defendant had been identified and properly served, ECF No. 21-1, the Clerk entered default against Defendant on December 23, 2019, ECF No. 23, and Plaintiff subsequently filed the pending Motion for Entry of Default Judgment on January 3, 2020, seeking an award of statutory damages, injunctive relief, and costs. ECF Nos. 24, 25.

---

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

## II.    STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Int'l., Inc. v. Savannah Shakti Carp.*, No. DKC–11–0438, 2011 WL 5118328, at *2 (D. Md. Oct. 25, 2011) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422. Thus, the court first determines whether the unchallenged factual allegations constitute a legitimate cause of action. *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010). In determining whether the factual allegations constitute a legitimate cause of action, courts typically apply the *Iqbal/Twombly* pleading standard. *See Baltimore Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011) (finding *Iqbal* "relevant to the default judgment inquiry"). Under that standard, a complaint fails to state a claim entitling the pleader to relief if the complaint offers only "'labels and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007)). As the Fourth Circuit has recognized, "'the court need

not accept the legal conclusions drawn from the facts, and [ ] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 385–86 (4th Cir. 2009) (citation omitted), *cert. denied*, 559 U.S. 992 (2010); *accord Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011). Indeed, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

If liability is established, the court then makes an independent determination of damages. *Agora Fin., LLC*, 725 F. Supp. 2d at 494. Fed. R. Civ. P. 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." In entering default judgment, a court cannot, therefore, award additional damages "because the defendant could not reasonably have expected that his damages would exceed th[e] amount [pled in the complaint]." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' District Council Pension, et al. v. E.G.S., Inc.*, No. WDQ–09–3174, 2010 WL 1568595, at *3 (D. Md. Apr. 16, 2010) ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested.").

## III.    DISCUSSION

### A.  Liability

To establish liability for copyright infringement, a plaintiff must prove two elements: (1) ownership of the copyright; and (2) copying of original constituent elements by the alleged defendant. 17 U.S.C. § 501(a); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Because Defendant has failed to appear or otherwise defend, the Court accepts as true the well-pleaded factual allegations in the Amended Complaint. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Those allegations establish that Plaintiff owns the nine copyrights that Defendant downloaded, copied, and distributed using BitTorrent. ECF No. 9 ¶¶ 3, 22, 23, 30; ECF Nos. 9-1, 9-2. Defendant is therefore liable to Plaintiff for copyright infringement.

### B.  Relief

Having established Defendant's liability, the Court next considers Plaintiff's requests for statutory damages, injunctive relief, and costs.

#### i.      Statutory Damages

Plaintiff requests statutory damages of $1,500.00 per infringement, for a total of $13,500.00. ECF No. 25-1 at 10. Under § 504(a) of the Copyright Act, a copyright infringer is liable for either: (1) the copyright owner's actual damages and any additional profits of the infringer; or (2) statutory damages as provided by § 504(c). Section 504(c)(1) provides:

> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c)(1); *see also Patrick Collins, Inc. v. Gillispie*, No. AW–11–1776, 2012 WL 666001, at *3 (D. Md. Feb. 23, 2012). The Court has broad discretion in setting the amount of statutory damages under the Copyright Act. *See Microsoft Corp. v. Grey Computer*, 910 F. Supp. 1077, 1091 (D. Md. 1995) (citing *Shell Oil Co. v. Commercial Petroleum, Inc.*, 928 F.2d 104, 108 (4th Cir. 1991)).

The Court may also award a maximum of $150,000.00 in enhanced damages if a plaintiff proves that the defendant willfully committed the infringement. *See* 17 U.S.C. § 504(c)(2). Courts have determined that an award of enhanced damages under § 504(c)(2) is only appropriate when the plaintiff shows the infringer "either had actual knowledge that it was infringing the owner's copyright or acted in reckless disregard of those rights." *See Lowry's Reports, Inc. v. Legg Mason, Inc.*, 271 F. Supp. 2d 737, 753 (D. Md. 2003). Plaintiff does not seek enhanced damages, and judges in this District have routinely refused to grant enhanced damage awards in cases similar to this. *See, e.g.*, *Malibu Media, LLC v. [Redacted]*, No. CCB–15–1700, 2016 WL 245235, at *1 (D. Md. Jan. 21, 2016). Accordingly, enhanced damages are not appropriate in this case.

When awarding statutory damages pursuant to § 504(c)(1), which allows awards between $750.00 and $30,000.000 per infringement, courts consider the following factors:

> (1) [W]hether the defendant was the original provider of the infringed content to its distribution network; (2) whether, and how much, the defendant profited or saved in connection with the infringement; (3) plaintiff's actual losses; (4) whether the plaintiff's request would result in a "windfall"; (5) the deterrent effect of statutory damages; and (6) the defendant's willfulness and intent in infringing the plaintiff's protected content.

*Malibu Media, LLC v. [Redacted]*, 2016 WL 245235, at *2. The recent trend in this District and across the country is to award the minimum statutory award of $750.00 per violation to Plaintiff

or other plaintiffs in similar infringement actions. *See Malibu Media, LLC v. [Redacted]*, No. PWG–14–261, 2017 WL 633315, at *3 (D. Md. Feb. 15, 2017) (citing cases from the District of Maryland and other district courts across the country involving copyright infringement actions brought by Plaintiff awarding Plaintiff $750.00 per work). "Many of the recent cases, however, note the growing judicial concern with the 'rise of so-called copyright trolls in the adult film industry, meaning copyright holders who seek copyright infringement damages not to be made whole, but rather as a primary or secondary revenue stream and file mass lawsuits against anonymous Doe defendants with the hopes of coercing settlements.'" *Id.* (quoting *Malibu Media, LLC v. Brenneman*, No. 3:13–cv–00332–PPS–CAN, 2013 WL 6560387, at *3 (N.D. Ind. Dec. 13, 2013)).

Here, the record provides "no evidence suggesting the defendant was the original seed or provider of the protected content on the BitTorrent network," *Malibu Media, LLC v. [Redacted]*, No. DKC–15–750, 2016 WL 3668034, at *4 (D. Md. July 11, 2016) (internal quotation marks omitted), or that "Defendant profited from Plaintiff's copyrighted films," *id.* Moreover, Plaintiff has provided no evidence as to actual losses it suffered due to Defendant's conduct. Finally, although the Amended Complaint asserts that Defendant's conduct was willful, ECF No. 9 ¶ 34, upon default, Defendant is only deemed to have admitted the factual allegations against him; "he is not deemed to have accepted [Plaintiff]'s legal argument as to willfulness." *Malibu Media, LLC*, 2016 WL 245235, at *2. "[O]n the available evidence, the extent and nature of [Defendant]'s willfulness cannot be known." *Id.* Accordingly, an award of the minimum statutory damages—$750.00 per infringement for each of the nine infringements, totaling $6,750.00—is more than adequate to compensate Plaintiff and to help deter future copyright infringement.

ii.     **Injunctive Relief**

In addition to monetary damages, Plaintiff seeks injunctive relief pursuant to 17 U.S.C.

§§ 502(a) and 503(b). Specifically, Plaintiff requests that the Court (1) permanently enjoin

Defendant from continuing to infringe Plaintiff's copyrights; (2) order Defendant to delete and

permanently remove digital media files relating to Plaintiff's copyrights from all of Defendant's

computers; and (3) order Defendant to delete and permanently remove the infringing copies of

the copyrights from all of Defendant's computers. ECF No. 25-1 at 12.

As to Plaintiff's first request, § 502(a) provides that "[a]ny court having jurisdiction of a

civil action arising under [the Copyright Act] may … grant temporary and final injunctions on

such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17

U.S.C. § 502(a). As to Plaintiff's second and third requests, § 503(b) provides that "the court

may order the destruction … of all copies … found to have been made or used in violation of the

copyright owner's exclusive rights…." 17 U.S.C. § 503(b). To obtain a permanent injunction, "a

plaintiff must show (1) irreparable injury, (2) remedies at law are 'inadequate to compensate for

that injury,' (3) 'the balance of hardships between the plaintiff and defendant' warrants a

remedy, and (4) an injunction would not disserve the public interest." *Raub v. Campbell*, 785

F.3d 876, 885 (4th Cir. 2015) (quoting *Monsanto Co. v. Geerston Seed Farms*, 561 U.S. 139,

156–57 (2010)).

Plaintiff has established each of the four requirements for permanent injunctive relief.

Plaintiff has demonstrated irreparable injury and the inadequacy of remedies at law because so

long as Defendant retains copies of the infringed work on his computers, they will continue to be

disseminated through BitTorrent, thus continuously compounding Plaintiff's injuries. The

balance of hardships also favors Plaintiff because any injury that Defendant would suffer as the

result of the injunction would "be a result of [Defendant] ceasing the allegedly infringing conduct." *Malibu Media, LLC v. [Redacted]*, 2017 WL 633315, at *4 (quoting *Medias & Co. v. Ty, Inc.*, 106 F. Supp. 2d 1132, 1140 (D. Colo. 2000)). Finally, the prevention of copyright infringement serves the public interest. Thus, the Court will grant Plaintiff's request for a permanent injunction pursuant to 17 U.S.C. §§ 502(a) and 503(b) of the Copyright Act. Defendant will be permanently enjoined from continuing to infringe Plaintiff's copyrights and ordered to delete and permanently remove digital files relating to Plaintiff's copyrights and all infringing copies of the copyrights from all of Defendant's computers.

### iii.     Costs

Finally, Plaintiff requests $565.00 in costs. ECF No. 25-1 at 16; ECF No. 25-3. "In any action under [the Copyright Act], the court may allow the full recovery of costs...." 17 U.S.C. § 505; *see also Malibu Media, LLC v. [Redacted]*, 2016 WL 245235, at *1. "Costs that may be charged include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.'" *Trs. of the Nat'l Automatic Sprinkler Indus. Welfare Fund v. Westland Fire Prot., Inc.*, No. DKC–12–1421, 2014 WL 824121, at *3 (D. Md. Feb. 28, 2014) (quoting *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988)). Here, Plaintiff's costs include a statutory filing fee, process service fees, and ISP fees. ECF No. 25-3 ¶ 8. These are reasonably incurred expenses. Accordingly, the Court awards Plaintiff costs totaling $565.00.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Entry of Default Judgment is granted, in part, and denied, in part. Judgment is entered against Defendant in the amount of $7,315.00, with $6,750.00 in statutory damages and $565.00 in costs. Defendant is also permanently enjoined

from continuing to infringe Plaintiff's copyrights and ordered to delete and permanently remove digital files relating to Plaintiff's copyrights and all infringing copies of the copyrights from all of Defendant's computers. A separate Order shall issue.

Date: <u>May      11 , 2020</u>                                    <u>   /s/                         </u>
                                                                                                      GEORGE J. HAZEL
                                                                                                      United States District Judge